IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JESSICA JOHNSON, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:20CV1049 |
| PALMS ASSOCIATES, LLC and DURHAM MEWS, LLC f/k/a DURHAM SECTION I ASSOCIATES, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Plaintiff Jessica Johnson's Motion for Partial Judgment on the Pleadings, (Doc. 17). Defendants Palms Associates, LLC ("Palms") and Durham Mews (together, "Defendants") filed a response in opposition, (Doc. 20), and Plaintiff filed a reply, (Doc. 25).

Plaintiff's motion is ripe for adjudication. For the reasons stated herein, this court will deny Plaintiff's Motion for Partial Judgment on the Pleadings. The parties have also requested a status conference, (Doc. 30), and Defendants have filed a motion to stay, (Doc. 31). Those motions will be denied.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. The Parties

Plaintiff is a tenant at the Savannah Place apartment community in Durham County, North Carolina. (Complaint ("Compl.") (Doc. 7) ¶ 13.) Defendant Palms is a Virginia LLC. (Id. ¶ 15.) Defendant Durham Mews, formerly known as Durham Section I Associates, L.L.C., is a Virginia LLC. (Id. ¶¶ 16-17.)

## B. The Lease

Plaintiff and Defendants[1] entered into a lease agreement with a term from October 1, 2016 to September 30, 2017. (Ex. A, Rental Agreement ("Lease") (Doc. 20-1) ¶¶ 1-2 .) Plaintiff alleges the lease agreement contained a provision allowing Defendants to charge tenants who are past-due on their rent three unlawful fees, which Plaintiff terms "Eviction Fees." (Compl. (Doc. 7.) ¶¶ 3-4.) According to Plaintiff, Eviction Fees are the filing fee a landlord must pay the court to initiate a

---

[1] Defendants dispute that Plaintiff entered into a lease with both Defendants. (Mem. in Opp'n to Pl.'s Mot. for J. on the Pleadings ("Defs.' Resp.") (Doc. 20) at 1 n.1.) Plaintiff asserts in her Complaint that "Defendants are so closely related in ownership and management, and that each works closely in concert with the other, such that each has become the alter ego of the other." (Compl. (Doc. 7) ¶¶ 19-21.) Defendant denies these allegations. (Answer (Doc. 12) ¶¶ 19-21.) Because this court will deny Plaintiff's Motion for Partial Judgment on the Pleadings, this court will not address whether both Defendants are bound by the lease. That matter is more appropriately addressed at summary judgment or trial.

summary ejectment proceeding, the fee a landlord must pay the sheriff to serve the summary ejectment complaint on the tenant, and the attorney's fee the landlord pays to counsel it retains to handle the summary ejectment proceeding. (Id.)

Two paragraphs of the lease agreement are relevant in this case. Paragraph 3 of the least agreement states that "if the rent is not received by the landlord within five (5) days after it is due . . . resident shall . . . reimburse landlord for all costs (including, but not limited to, the cost of serving legal notices) and reasonable attorney's fees." (Lease Agreement (Doc. 20-1) ¶ 3b.) Paragraph 12 of the lease agreement states Defendants "shall be also entitled to recover reasonable attorney's fees and costs of suit as allowed by law." (Id. ¶ 12.)

According to the Complaint, Defendants assessed Eviction Fees against Plaintiff, who had fallen behind on her rent. (Compl. (Doc. 7) ¶¶ 47-48.; Answer (Doc. 12) ¶¶ 47-48.) Defendants assessed these fees even though they had yet to be awarded these fees by a court in a summary ejectment action. (Compl. (Doc. 7) ¶ 57; Answer (Doc. 12) ¶ 57.)

Plaintiff subsequently filed her Complaint on behalf of herself and all others similarly situated. (Compl. (Doc. 7).) Defendants answered. (Answer (Doc. 12).) Plaintiff then moved

-3-

for partial judgment on the pleadings, (Doc. 17), and filed a brief in support of her motion, (Pl.'s Mem. in Supp. of Partial Mot. for J. on the Pleadings ("Pl.'s Br.") (Doc. 18)). Defendants responded, (Mem. in Opp'n to Pl.'s Mot. for J. on the Pleadings ("Defs.' Resp.") (Doc. 20)), and Plaintiff replied, (Pl.'s Reply in Supp. of Partial Mot. for J. on the Pleadings ("Pl.'s Reply") (Doc. 25)).

While Plaintiff's motion was pending, Defendants filed a notice of supplemental authority bringing to this court's attention the passage of Session Law 2021-71. (Doc. 29.) On September 8, 2021, another court in this district entered its opinion addressing N.C. Gen. Stat. § 42-46. See Bass v. Weinstein Mgmt. Co., No. 1:20-CV-916, 2021 WL 4078507 (M.D.N.C. Sept. 8, 2021).

## II. STANDARD OF REVIEW

This court applies the same standard to a Rule 12(c) motion for judgment on the pleadings as to a Rule 12(b)(6) motion to dismiss. Occupy Columbia v. Haley, 738 F.3d 107, 115-16 (4th Cir. 2013). This court assumes the truth of all factual allegations in the complaint, draws all reasonable inferences in favor of the plaintiff, and asks whether the complaint plausibly states a claim for relief. Id. In other words, the plaintiff must plead facts that "allow[] the court to draw the reasonable

-4-

inference that the defendant is liable" and demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(c) motion, this court may consider only the pleadings, any exhibits thereto that are essential to the allegations, and matters of public record susceptible to judicial notice. See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (stating that documents attached to the complaint may be considered "so long as they are integral to the complaint and authentic").

## II. ANALYSIS

Plaintiff argues her motion should be granted because "there is no dispute that Defendants violated the 2009 Statute by charging and placing Eviction Fees on Plaintiff's ledger." (Pl.'s Br. (Doc. 18) at 8.) Additionally, Plaintiff argues that because "Defendants admittedly violated the NCDCA by placing Eviction Fees on Plaintiff and other tenants' ledgers," this court should grant Plaintiff's motion. (Id. at 11.)

### A. RRAA Claim

The Residential Rental Agreements Act ("RRAA"), N.C. Gen. Stat. §§ 42-38 through 42-46, codified the common law implied warranty of habitability. Stikeleather Realty & Invs. Co. v.

-5-

Broadway, 242 N.C. App. 507, 516, 775 S.E.2d 373, 378 (2015) (citing Miller v. C.W. Myers Trading Post, Inc., 85 N.C. App. 362, 366, 355 S.E.2d 189, 192 (1987)). Prior to 2018, landlords were not authorized to charge tenants the fee for filing a summary ejectment proceeding or the service fee, and attorney's fees were allowed only if authorized by a separate provision of North Carolina law. See Suarez v. Camden Prop. Tr., 818 F. App'x 204, 211-12 (4th Cir. 2020).

At the time Defendants charged Plaintiff for Eviction Fees, Defendants did not have the statutory authority to do so. The Pre-2018 RRAA prohibited "any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized." N.C. Gen. Stat. § 42-46(h)(3) (2016). However, since this lawsuit was filed, § 42-46 has been amended several times.

In 2018, the North Carolina General Assembly amended the statute to add a subsection explicitly authorizing landlords to charge tenants expenses related to summary ejectment proceedings and a reasonable attorney's fee. N.C. Gen. Stat. § 42-46(i)

(2018).[2] Plaintiff and Defendants dispute whether the 2018 RRAA applies retroactively. (Compare Pl.'s Reply (Doc. 25) at 8 with Defs.' Resp. (Doc. 20) at 17.) This court need not decide whether the 2018 RRAA applies retroactively because in 2021 the North Carolina General Assembly further amended § 42-46 to explicitly state that "[t]his Part is effective when it becomes law and is intended to apply retroactively to all pending controversies as of that date." 2021 N.C. Sess. Laws 2021-71 (S.B. 644) § 1.2.

For purposes of Plaintiff's Motion for Partial Judgment on the Pleadings, this court finds Bass v. Weinstein Mgmt. Co. sufficiently applicable and persuasive to support denial of Plaintiff's motion at this stage of the proceedings. See Bass, 2021 WL 4078507, at *1. The court in Bass, when analyzing

---

[2] The bill added subsection (i), entitled "Out-of-Pocket Expenses," which provided: [i]n addition to the late fees . . . and the administrative fees . . . , a landlord is also permitted to charge and recover from a tenant the following actual out-of-pocket expenses:

   (1) Filing fees charged by the court.

   (2) Costs for service of process pursuant to G.S. 1A-1, Rule 4 of the North Carolina Rules of Civil Procedure and G.S. 42-29.

   (3) Reasonable attorneys' fees actually incurred, pursuant to a written lease, not to exceed fifteen percent (15%) of the amount owed by the tenant, or fifteen percent (15%) of the monthly rent stated in the lease if the eviction is based on a default other than the nonpayment of rent.

-7-

whether the 2021 amendment applied retroactively, noted that "the cause of action was created by statute," "the remedy was created by statute," and North Carolina Supreme Court caselaw accorded with finding the statute applied retroactively. Id. at *2 (citing Dyer v. Ellington, 126 N.C. 941, 36 S.E. 177 (1900)).

Although this court finds Barr sufficiently persuasive to deny Plaintiff's motion for judgment on the pleadings, this court expressly declines to adopt the analysis in Barr as the law of the case at this time. The parties here have not had an opportunity to argue the effects of the statutory amendment of the analysis in Barr. This court will deny Plaintiff's motion without prejudice to allow the parties to fully brief this issue of first impression in this court as may be appropriate.

### B. NCDCA Claim

Under the North Carolina Debt Collection Act ("NCDCA"), a claimant must show: (1) the alleged obligation is a debt; (2) the claimant owing the obligation is a consumer; and (3) the party attempting to collect the obligation is a debt collector. Reid v. Ayers, 138 N.C. App. 261, 263, 531 S.E.2d 231, 233 (2000) (citing N.C. Gen. Stat. § 75-50(1)-(3)). "No debt collector shall collect or attempt to collect any debt by use of any unconscionable means" including "collecting or attempting to collect any interest or other charge, fee or expense incidental

-8-

to the principal debt unless legally entitled to such fee or charge." N.C. Gen. Stat. § 75-55(2). Plaintiff argues Defendants violated the NCDCA because they were not legally entitled to charge the Eviction Fees under the RRAA. (Pl.'s Br. (Doc. 18) at 10-11.) At present, because this court finds, in light of Bass, that Plaintiff has not established her entitlement to judgment under the RRAA, the claim of a violation of the NCDCA is not ripe for ruling.

Nevertheless, this case remains pending and involves a new issue of law and statutory construction. Plaintiff's motion will be denied without prejudice to the parties raising this issue in further motions or briefs to the court.

### III. MOTION FOR STATUS CONFERENCE

The parties have filed a Joint Motion Requesting Status Conference, (Doc. 30). This court does not find a status conference necessary at this stage of the proceedings. Although Plaintiff's motion for judgment on the pleadings is denied, it is denied without prejudice to provide the parties a further opportunity to brief this issue should one or both parties disagree with the analysis described in Barr at an appropriate procedural stage, whether at summary judgment, trial, or through another process as permitted by the Rules of Civil Procedure.

### IV. MOTION TO STAY

Defendants filed a Motion to Stay, (Doc. 31), all further proceedings, including discovery, pending the court's determination of Plaintiff's Motion for Partial Judgment on the Pleadings. This court declines Defendants' request to stay these proceedings. If Defendants believe a motion for judgment on the pleadings is appropriate, Defendants are free to make such a motion or move for summary judgment as may be necessary to address legal issues presently pending.

### V. CONCLUSION

For the reasons set forth above, this court finds that Plaintiff's Motion for Partial Judgment on the Pleadings, (Doc. 17), the parties' Joint Motion Requesting Status Conference, (Doc. 30), and Defendants' Motion to Stay, (Doc. 31), should be denied, all denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Judgment on the Pleadings, (Doc. 17), is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the parties' Joint Motion Requesting Status Conference, (Doc. 30), and Defendants' Motion to Stay, (Doc. 31), are **DENIED WITHOUT PREJUDICE.**

This the 24th day of September, 2021.

```
                              _____
                                United States District Judge
```