IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JESSICA JOHNSON,                  )
on behalf of herself and all      )
others similarly situated,        )
                                  )
               Plaintiff,         )
                                  )
     v.                           )     1:20-cv-1049
                                  )
PALMS ASSOCIATES, LLC, and        )
DURHAM MEWS, LLC f/k/a DURHAM     )
SECTION 1 ASSOCIATES, LLC,        )
                                  )
               Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, for Award of Attorneys' Fees and Expenses, and for Service Award to Class Representative. (Doc. 63.) For the reasons stated herein, this court will grant Plaintiff's motion.

I. **BACKGROUND**

   A. **Factual and Procedural History**

This matter was originally filed in the General Court of Justice, Superior Court Division, County of Durham, North Carolina by Plaintiff Jessica Johnson who brought a putative class action against Defendants Palms Associates, LLC and Durham Mews, LLC, f/k/a Durham Section I Associates. (Doc. 1-1 at 1,

3.) Plaintiff alleged that Defendants unlawfully charged eviction-related fees and unlawfully threatened to charge eviction-related fees by sending letters which unlawfully informed their tenants that these improper fees would be charged if an eviction action was filed. (Id. at 3-4, 6-7.) Plaintiff sought monetary and declaratory relief for violation of the North Carolina Residential Rental Agreements Act, North Carolina Debt Collection Act, and North Carolina Unfair and Deceptive Trade Practices Act. (Id. at 11-14.)

Defendants removed this case to federal court, (Doc. 1), and answered Plaintiff's complaint, (Doc. 12). Plaintiff subsequently filed a Motion for Partial Judgment on the Pleadings. (Doc. 17.) The parties also filed a Joint Motion to stay pending determination of Plaintiff's Motion for Partial Judgment on the Pleadings and Defendants' forthcoming Motion for Partial Judgment on the Pleadings. (Doc. 30.) This court denied Plaintiff's Motion for Judgment on the Pleadings and Defendants' Motion to Stay. (Doc. 38.) Defendant then filed a Motion for Judgment on the Pleadings. (Doc. 39.) After the motion was fully briefed, this court issued a stay pending the outcome of the Fourth Circuit's decision in Bass v. Weinstein Mgmt. Co. (Doc. 53.)

During the stay, the parties engaged in extensive, arm's length negotiations regarding the settlement of this Action, assisted by a respected mediator. (Harris and Maginnis Joint Decl. (Doc. 63-1) ¶¶ 18-22.) While the matter did not resolve at the mediation, following the mediation, the parties continued discussions and ultimately entered into a Settlement Agreement. (Id. ¶¶ 20-22.)

This court preliminarily approved the Settlement Agreement, proposed notice plan, and the Settlement Classes. (Doc. 62.) Pursuant to the plan approved by this court, notice was disseminated to the classes. The Order also set a deadline of April 14, 2023 to opt out or object to the settlement. (Id. at 13.) No one has opted out of the settlement, and no Settlement Class Member has objected to the settlement, the proposed award of fees and expenses to Class Counsel, or the proposed service award to the class representative. (Harris and Maginnis Joint Decl. (Doc. 63-1) ¶ 40.)

B.  **Settlement Terms**

The Settlement Agreement provides monetary relief of $879,827.31, which is composed of a Cash Fund of $225,000.00, and Debt Relief of approximately $654,827.31. (Id. ¶ 30.) Each Settlement Class member is a member of one or two classes.

**Collection Letter Class**: All natural persons who (a) at any point between October 7, 2016 and June 25,

- 3 -

>    2018, (b) resided in any of the properties in North
>    Carolina owned and/or managed by Defendants and
>    (c) received a Collection Letter.
>
>    **Eviction Fee Class:** All natural persons who (a) at any
>    point between October 7, 2016 and June 25, 2018,
>    (b) resided in any of the properties in North Carolina
>    owned and/or managed by Defendants and (c) were
>    charged and (d) paid Eviction Fees.

(Id. ¶ 31.) Collection Letter Class members may receive $25 per letter sent to them by Defendants up to a total amount of $75. (Id. ¶ 32.) The Collection Fee Class was allotted $10,000.00 of the Cash Fund, with any unclaimed amounts to be reallocated to the Eviction Fee Class. (Id. ¶ 33.) Eviction Fee Class members were eligible to receive an estimated $190.00 without filing a claim subject to pro rata increases based on Collection Letter Class participation in the settlement. (Id. ¶ 35-37.) Eviction Fee Class members may also be Collection Letter Class members and file claims for such benefits.

The remainder of the Monetary Settlement is Debt Relief for amounts that may have been owed to Defendants. This component of the Settlement Agreement will occur automatically without Class Members filing claims. (Id. ¶ 38.)

Under the settlement, all costs of notice and claims administration will be paid by Defendants out of the monetary relief. Court-approved fees and expenses for Class Counsel and a

- 4 -

Case 1:20-cv-01049-WO-JLW   Document 70   Filed 08/16/23   Page 4 of 16

service award for the Class Representative will be paid by Defendants out of the Cash Fund. (Doc. 59-4 at 16.)

## II. ANALYSIS

### A. Approval of Class Notice

The Settlement Classes have been notified of the settlement pursuant to the plan approved by this court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, (Lorenzano Decl. (Doc. 63-2)), which was responsible for carrying out the notice program, this court hereby finds that the notice was accomplished in accordance with this court's prior Order. This court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

### B. Approval of the Settlement

This court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. This court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiff succeeding at trial balanced by the risks of continued

litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

This court recognizes that no Settlement Class members objected to the settlement, no one has chosen to opt-out of the settlement, and no one has filed a valid and timely request for exclusion.

In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

C.   **Certification of the Settlement Classes**

This court hereby finally certifies the Collection Letter Class and the Eviction Fee Class as follows:

> **Collection Letter Class**: All natural persons who (a) at any point between October 7, 2016 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.
>
> **Eviction Fee Class**: All natural persons who (a) at any point between October 7, 2016 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Class as provided in this Agreement; (3) anyone who

- 6 -

Case 1:20-cv-01049-WO-JLW   Document 70   Filed 08/16/23   Page 6 of 16

has previously executed a written release of all claims against Defendants related to the collecting of Eviction Fees and would otherwise be a member of the Settlement Class; and (4) the court, the court's immediate family, and court staff.

Based on the record before this court, this court hereby finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representative are typical of the claims of the absent Settlement Class members; the Class Representative and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

D. **Appointment of Class Counsel and Class Representative**

This court appoints Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman, PLLC, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard, as Class

counsel. This court appoints Jessica Johnson as Class Representative.

   E.   **Attorneys' Fees**

   The Settlement Agreement also provides that Defendants will not contest Settlement Class Counsel's application to this court for payment of attorneys' fees up to the amount of $112,000.00, plus reimbursement of expenses and costs from the Cash Fund of the Settlement. The requested attorneys' fees amount to approximately 13% of the Total Monetary Relief provided under the Settlement. Attorneys' fees and reimbursement of expenses and costs were negotiated only after the substantive terms of the Settlement were agreed upon. (Harris and Maginnis Joint Decl. (Doc. 63-1) ¶ 23.)

   There are two primary methods for calculating attorneys' fees in the Fourth Circuit: the percentage of the fund method and the lodestar method. <u>Phillips v. Triad Guaranty Inc.</u>, No. 1:09cv71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016); <u>Hall v. Higher One Machines, Inc.</u>, No. 5-15-CV-670-F, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016) "[T]he percentage of fund method provides that the court award attorneys' fees as a percentage of the common fund," while "[t]he lodestar method requires the court to determine the hours reasonably expended by counsel that created, protected, or preserved the fund[,] then to multiply

that figure by a reasonable hourly rate." Phillips, 2016 WL 2636289, at *2 (alteration in original) (quotation marks omitted). The lodestar method involves multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended, after considering the Johnson factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). These factors from Johnson "are to be considered as part of the Court's determination of the reasonable number of hours and the reasonable rate to be used in this case." Dawson, 2014 WL 4748512, at *3; see also Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (1974). Counsel is expected to exercise "billing judgment," and district courts should exclude hours that are

- 9 -

Case 1:20-cv-01049-WO-JLW   Document 70   Filed 08/16/23   Page 9 of 16

"excessive, redundant, or otherwise unnecessary[.]" See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

An applicant for legal fees bears "the burden of establishing the reasonableness" of their attorney's rates and "is obliged to show that the requested hourly rates are consistent with 'the prevailing market rates in the relevant community for the type of work for which [s]he seeks an award.'" McAfee v. Boczar, 738 F.3d 81, 91 (4th Cir. 2013) (alteration in original) (citation omitted). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (citation omitted)

Plaintiff's counsel have provided time records reflecting the time spent on this matter. (See Docs. 68-1; 69-1.) Three attorneys, Scott Harris, Martha Geer, and Edward Maginnis spent a combined 150.75 hours on the matter at a billing rate of $700. (Docs. 68-1; 69-1.) Five other attorneys, Patrick Wallace, Michael Dunn, Erin Ruben, Sarah Spangenburg, and Karl Gwaltney spent a combined 254.6 hours on the matter at a rate of $550. (Docs. 68-1; 69-1.) Jordan Godwin spent 36.84 hours on the matter at a rate of $350. (Docs. 68-1; 69-1.) Finally, two support staff, Amanda Mkamanga and Scott Heldman spent a

combined 40.3 hours on the matter at a rate of $175. (Docs. 68-1; 69-1.)[1] In total, class counsel spent a combined 482.49 hours on the matter for a cumulative value of $265,501.50. (Docs. 68-1; 69-1.)

Class counsel states that their "rates are within the customary rates charged by attorneys in this District for performing similarly complex litigation, including class actions." (Doc. 68 ¶ 5; Doc. 69 ¶ 6.) Other courts in this District have accepted rates of $700 per hour for attorneys in particularly complex cases. See Linnins v. HAECO Ams., Inc., 2018 U.S. Dist. LEXIS 183839, *6-8 (approving attorney's fees of $650 and $700 per hour). Though Plaintiffs' counsel's rates appear to be at the upper end of what other courts in this district have accepted, this court does will not make a finding that they are unreasonable for an attorney in the Middle District of North Carolina litigating a class action.

When considering the attorney's fees as a percentage of the fund, they appear reasonable. Plaintiffs' counsel seek $112,000.00 from a total monetary recovery of $879,827.31 or approximately 13% of the total monetary recovery. (Doc. 63-3 ¶ 11.) Other courts in this circuit have accepted larger

---

[1] Based on the billing rate and the tasks Ms. Mkamanga and Mr. Heldman completed, this court assumes they are support staff.

percentages. Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 505 (M.D.N.C. 2018) (collecting cases where courts allowed attorney's fee awards between 25 percent to one-third of the total recovery.)

In considering the relevant Barber factors, this court simply notes that class counsel invested significant time and resources into this case. Additionally, the Fourth Circuit's recent decision in Bass v. Weinstein Mgmt. Co., provided a serious, if not insurmountable, impediment to Plaintiffs' ability to recover anything from Defendants. 56 F.4th 355, 365 (4th Cir. 2022). Therefore, the Settlement Agreement, which provides a monetary recovery of $879,827.31, is a tremendous result for the class.

Finally, the lodestar cross-check confirms the requested attorney's fees are reasonable. The lodestar value for Class Counsel's work on this matter was $265,501.50. (Compare Doc. 68 ¶ 6, with Doc. 69 ¶ 7.) Class Counsel are requesting $112,000 in attorney's fees, resulting in a lodestar multiplier of approximately .42. "Courts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee." Kirkpatrick, 352 F. Supp. 3d at 507

(citation omitted). Based on the foregoing, this court finds the attorney's fee award of $112,000.00 is reasonable in this case.[2]

F. **Class Counsel's Expenses**

Class Counsel have provided declarations specifying that they have incurred expenses in the amount of $3,725.77 in the prosecution of this litigation on behalf of the classes. (Harris and Maginnis Joint Decl. (Doc. 63-1) ¶¶ 62-63.) This court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses, in addition to the fee award.

G. **Service Award**

The Settlement Agreement provides that Defendants, subject to court approval, will pay $2,500 to Jessica Johnson for her service as Class Representative, with such payment to be made from the Cash Fund of the settlement payment. (Doc. 59-4 at 16.) "At the conclusion of a successful class action case, it is common for courts, exercising their discretion, to award special compensation to the class representatives in recognition of the time and effort they have invested for the benefit of the

---

[2] It is unclear to this court what position Jordan Godwin occupied at Maginnis Howard as his information was not included on the firm's resume. (See Doc. 59-3.) However, even subtracting Godwin's contributions from the Lodestar calculation, the multiplier would only increase to .44, thus this factual issue does not alter this court's conclusion.

- 13 -

class." Smith v. Krispy Kreme Doughnut Corp., No. 1:05-cv-187, 2007 WL 119157, at *4 (M.D.N.C. Jan. 10, 2007). This court finds that payment of the service award is appropriate in this case in light of Ms. Johnson's work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service awards. This court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

H. **Cy Pres**

In the event that Settlement Class members fail to cash their checks within six months of mailing such that the Cash Fund has a positive balance, all remaining amounts in the Cash Fund shall be equally divided and disbursed to the approved cy pres recipients and the Defendants as provided in the Settlement Agreement. (See Doc. 54-9 at 16-17.) One-half of any remaining amounts in the Cash Fund will be equally divided by the two cy pres recipients: Haven House Services and SafeChild North Carolina. (Id.) The other one-half of any remaining amounts in the Cash Fund will revert to the Defendants. (Id.) The Claims Administrator is ordered to provide a report to Class Counsel and Defendants' Counsel of all money in the Cash Fund left undisbursed within fifteen calendar days after the six month period has elapsed.

III. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, for Award of Attorneys' Fees and Expenses, and for Service Award to Class Representative, (Doc. 63), is **GRANTED,** and the Class Action Settlement is Approved.

**IT IS FURTHER ORDERED** that payment of attorney's fees in the amount of $112,000 to Class Counsel is approved, and Class Counsel shall be paid $112,000 in the manner set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that payment of expenses in the amount of $3,725.77 to Class Counsel for reimbursement is approved and shall be paid as set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** Jessica Johnson shall be paid a service award of $2,500 as set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Claims Administrator is awarded its expenses and those expenses shall be paid as set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that funds remaining in the Cash Fund more than six months after checks are mailed to class members shall be distributed as set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that this court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration.

**IT IS FURTHER ORDERED** that the above-captioned action is **DISMISSED WITH PREJUDICE.** A Judgment is filed contemporaneously herewith.

This the 16th day of August, 2023.

							_____
							United States District Judge